ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| PAOLA VICTORIA OROZCO BELTRÁN, e*t als.*<br><br>Recurrida<br><br>v.<br><br>ÁNGEL GIOVANNY ALBERIO GOYTIA, *et als.*<br><br>Peticionaria | **TA2026CE00084** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm.: SJ2025RF00635 consolidado SJ2025RF00992<br><br>Sobre: Custodia- Relaciones Paterno Impugnación de Paternidad |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

### <u>RESOLUCIÓN</u>

En San Juan, Puerto Rico a 12 de febrero de 2026.

Comparece ante este foro el Sr. Ángel G. Alberio Goytia (señor Alberio o "el peticionario") y nos solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 2 de diciembre de 2025. Mediante el referido dictamen, el foro primario dio por admitido el requerimiento de admisiones, con ciertas excepciones, el cual había sido notificado por la Sra. Paola V. Orozco Beltrán (señora Orozco o "la recurrida").

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el recurso de *certiorari* de epígrafe.

## I.

El 6 de mayo de 2025, la señora Orozco presentó una *Demanda de Custodia, Relaciones Filiales y Alimentos* en contra del señor Alberio.[1]

Luego de varias incidencias procesales, el 4 de junio de 2025, el foro primario notificó una *Resolución*, mediante la cual indicó que acogía las recomendaciones del informe sometido por la Examinadora de Pensiones Alimenticias.[2] Por lo tanto, fijó una pensión alimenticia provisional a ser pagada por el peticionario por la cantidad de $200.00 mensuales.

Posteriormente, el 1 de julio de 2025, el señor Alberio presentó su *Contestación a Demanda*.[3] Alegó que, recientemente advino en conocimiento que no era el padre biológico de la menor V.C.A.O., por consiguiente, estaría iniciando un proceso de impugnación de paternidad.

El 31 de julio de 2025, la señora Orozco presentó una *Moción en Cumplimiento de Orden*.[4] En esta, informó que el 23 de julio de 2025 había sido emplazada por el peticionario en una *Demanda de Filiación – Reconocimiento e Impugnación Filiatoria* (SJ2025RF00992) por ello, solicitó la consolidación de ambos casos.

El 1 de agosto de 2025, el foro primario notificó una *Orden* mediante la cual declaró *Ha Lugar* la solicitud y consolidó ambos casos.[5]

---

[1] *Demanda de Custodia, Relaciones Filiales y Alimentos*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Resolución*, entrada núm. 14 en SUMAC.
[3] *Contestación a Demanda*, entrada núm. 25 en SUMAC.
[4] *Moción en Cumplimiento de Orden*, entrada núm. 33 en SUMAC.
[5] *Orden*, entrada núm. 34 en SUMAC.

El 14 de agosto de 2025, la recurrida presentó una *Moción Solicitando Exposición Más Definida*.[6] Señaló que, no había presentado su contestación a la demanda instada por el peticionario, debido a que ciertas alegaciones en la demanda eran vagas e imprecisas.

El 9 de septiembre de 2025, el señor Alberio presentó una *Moción sobre Exposición de Mayor Determinación de Hechos y en Cumplimiento de Orden*.[7] De igual forma, presentó su *Demanda Enmendada*.[8] En esencia, alegó que, como consecuencia de los resultados de la prueba de paternidad, se demostró que fue víctima de un engaño por parte de la señora Orozco. Sostuvo que, para mediados de abril de 2025, fue que comenzó a recibir comentarios dentro de su familia que lo hicieron dudar sobre la paternidad. Por ello, solicitó la impugnación de paternidad con el propósito de igualar la realidad jurídica con la biológica.

El 12 de septiembre de 2025, la recurrida presentó una *Moción de Sentencia Sumaria*.[9] En la cual, arguyó que no existían hechos materiales en controversia y lo que procedía era dictar sentencia sumaria por estar prescrita la causa de acción. Alegó que, desde el 12 de junio de 2023, el señor Alberio tenía conocimiento que él no era el padre biológico de la menor, aun así, acudió al Registro Demográfico y suscribió el 18 de julio de 2023 el *Certificado de Reconocimiento Voluntario* de la

---

[6] *Moción Solicitando Exposición Más Definida*, entrada núm. 36 en SUMAC.
[7] *Moción sobre Exposición de Mayor Determinación de Hechos y en Cumplimiento de Orden*, entrada núm. 40 en SUMAC.
[8] *Demanda Enmendada*, entrada núm. 41 en SUMAC.
[9] *Moción de Sentencia Sumaria*, entrada núm. 44 en SUMAC. El 12 de septiembre de 2025, presentó una *Moción de Sentencia Sumaria Enmendada*. Véase, entrada núm. 45 en SUMAC.

menor. Por consiguiente, insiste en que el peticionario no fue engañado, no hubo dolo ni fraude.

El 14 de octubre de 2025, el señor Alberio presentó su *Oposición a Sentencia Sumaria*.[10] En esta, reiteró que el reconocimiento de la paternidad no fue voluntario ni libre, sino producto de la manipulación emocional y sentimental por parte de la recurrida.

El 16 de octubre de 2025, el foro primario notificó una *Resolución*, en la cual declaró *No Ha Lugar* a la solicitud de sentencia sumaria instada por la señora Orozco.[11] Concluyó que, existían múltiples controversias de hechos que incidían directamente sobre la controversia relacionada a la impugnación de paternidad sobre si estaba caducada o no.

El 28 de octubre de 2025, la recurrida presentó una *Moción Informativa*, mediante la cual indicó que había enviado un requerimiento de admisiones al peticionario.[12]

El 12 de noviembre de 2025, el señor Alberio notificó una *Moción Informativa* para dejar saber que había enviado sus contestaciones al requerimiento de admisiones a la señora Orozco.

El 2 de diciembre de 2025, la recurrida presentó una *Moción en Torno a Descubrimiento de Prueba*.[13] Alegó que luego de recibir la contestación al requerimiento de admisiones del señor Alberio, el 21 de noviembre de 2025, le notificó las objeciones a la contestación, sin embargo, transcurrido el término concedido (26 de noviembre de 2025) el peticionario no cumplió con el descubrimiento de prueba, por consiguiente, solicitó se

---

[10] *Oposición a Sentencia Sumaria*, entrada núm. 51 en SUMAC.
[11] *Resolución*, entrada núm. 54 en SUMAC.
[12] *Moción Informativa*, entrada núm.56 en SUMAC.
[13] *Moción en Torno a Descubrimiento de Prueba*, entrada núm. 69 en SUMAC.

dieran por admitidos los requerimientos de admisiones objetados.

En la misma fecha, el foro primario notificó la *Orden* recurrida, en la cual indicó lo siguiente: "[s]e admite el requerimiento de admisiones notificado por la demandante, con excepción de los incisos 1, 2, 3, 7, 8, 34, 36, 41, 45-48, 66, 69, 71-74, 76, 78 y 79."[14]

En desacuerdo, el 15 de diciembre de 2025, el peticionario presentó una *Solicitud de Reconsideración de Orden*.[15] Alegó que, antes de que el tribunal emitiera una decisión a favor de la recurrida, debió darle la oportunidad de presentar los argumentos a su favor y justificaciones en derecho que le apoyaban. Por lo que, el no hacerlo lo privó de un debido proceso de ley.

El 19 de diciembre de 2025, la señora Orozco presentó su *Oposición a Moción de Reconsideración*.[16] En esta, reiteró que el señor Alberio no sometió las contestaciones al requerimiento de admisiones objetado dentro del plazo concedido, ni se comunicó para solicitar tiempo adicional. Asimismo, señaló que el peticionario tampoco presentó objeción al escrito radicado, ni compareció ante el foro *a quo* para informar que estaba atendiendo las objeciones. Por lo que, enfatizó que su inacción y proximidad del señalamiento de la vista en su fondo, procedió a solicitar al Tribunal que se dieran por admitidos conforme a derecho.

Evaluadas las mociones, el 22 de diciembre de 2025, el foro primario notificó una *Orden*, mediante la cual

---

[14] *Orden*, entrada núm. 72 en SUMAC.
[15] *Solicitud de Reconsideración de Orden*, entrada núm. 78 en SUMAC.
[16] *Oposición a Moción de Reconsideración*, entrada núm. 92 en SUMAC.

declaró *No Ha Lugar* a la moción de reconsideración instada por el señor Alberio.[17]

De igual forma, el 30 de diciembre de 2025, el foro primario notificó una *Resolución,* en la cual reiteró su decisión al denegar la solicitud de reconsideración del peticionario.[18] En esta, dispuso lo siguiente:

> Al revisar la contestación al requerimiento de admisiones cursado por la demandada al Sr. Alberio Goytia advertimos que sus negativas a contestar cada inciso se hicieron con frases como "[s]e niega. Se objeta la afirmación por falta de autenticación de fotografías, mensajes o anejos mencionados", "[s]e niega. No tengo conocimiento suficiente para negar o admitir este hecho" o "[s]e niega. Los hechos alegados son incompletos, carentes de contexto y no reflejan la realidad cronológica de los hechos." Evidentemente, las mismas no cumplen los criterios establecidos en la citada Regla 33 sobre la forma de contestar un requerimiento al amparo de dicha disposición legal.
>
> Tómese en cuenta que el mismo texto de la Regla 33 establece que una parte a quien se le requiere una admisión *no podrá aducir como razón para así no hacerlo la falta de información o de conocimiento, a menos que demuestre que ha hecho las gestiones necesarias para obtener dicha información, cosa que no se hizo en este caso*. Tampoco el demandante cualificó sus contestaciones o negó solamente una parte de lo requerido, especificando lo [que] era cierto y negando el resto.
>
> Por lo anterior, se admitieron los requerimientos de admisiones notificados por la demandada, con excepción de los incisos 1, 2, 3, 7, 8, 34, 36, 41, 45-48, 66, 69, 71-74, 76, 78 y 79 y se declararon No Ha Lugar la *Moción en Solicitud de Orden* y la *Solicitud de Reconsideración de Orden* presentadas por el demandante.

Aun inconforme, el 21 de enero de 2026, el señor Alberio presentó el recurso de epígrafe, en el cual planteó los siguientes señalamientos de error:

> **Primer Error**: Erró el Tribunal de Primera Instancia al dar por admitido el

---

[17] *Orden*, entrada núm. 98 en SUMAC.
[18] *Resolución*, entrada núm. 101 en SUMAC.

requerimiento de admisiones, a pesar de que la parte Peticionaria-recurrente contestó oportunamente dicho descubrimiento de prueba, y negó justificando las razones para ello, por lo que el TPI incurrió en abuso de discreción y error craso.

**Segundo Error**: Erró el TPI y abusó de su discreción al no imponer medidas menos onerosas a la parte Peticionaria-recurrente de entender que no se había cumplido con las Regla 33 de Procedimiento Civil de 2009 según enmendada, y pudo ordenar a la parte afectada que contestara sin aplicar la medida más extrema que era admisión del Requerimiento de Admisiones, cuando el TPI sabía que no se podía ver la vista porque no se había nombrado un defensor judicial para la menor VCAO conforme lo dispone la ley.

**Tercer Error**: Erró y abusó de su discreción el Tribunal de Primera Instancia mantener su decisión de dar por admitido el Requerimiento de Admisiones, violando el debido proceso de ley, y dejando de manifiesto el no tener la parte Peticionaria porque ya no justificaba el celebrar la vista de forma inmediata. La misma está fijada para el 20 de marzo de 2026.

El 22 de enero de 2025, emitimos una *Resolución* en la cual le concedimos a la parte recurrida quince (15) días contados a partir de la fecha de presentación del recurso, para que presentara su oposición.

El 5 de febrero de 2025, la señora Orozco presentó su *Oposición a Que se Expida Auto de Certiorari*. Así las cosas, contando con la comparecencia de ambas partes, procedemos a resolver.

**II.**

**-A-**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56

y 57 o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**-B-**

La discreción es la facultad de los tribunales de justicia para resolver de una forma u otra y de escoger

entre varios cursos de acción. *WMM, PFM et als. v. Colegio et als.,* 211 DPR 871 (2023); *Citibank et al v. ACBI et al,* 200 DPR 724, 735 (2018). Al foro primario se le reconoce una amplia discreción, por ello, sus decisiones merecen gran deferencia, debido a que es el foro que conoce las particularidades del caso, tiene contacto con los litigantes y examina la prueba. La única limitación es que la medida sea adecuada y razonable. El ejercicio adecuado de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad. *Pueblo v. Gastón Torres*, 139 DPR 314 (1995).

Así pues, la discreción es una forma de razonabilidad aplicada al discernimiento judicial con el propósito de llegar a una conclusión justiciera. *Ramírez Ferrer v. Policía de PR,* 158 DPR 320 (2002); *Bco. Popular de PR v. Mun. de Aguadilla*, 144 DPR 651 (1997). Se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. Los tribunales apelativos no debemos intervenir con las determinaciones discrecionales del foro primario con el objetivo de sustituir su criterio por el nuestro. No obstante, esa deferencia cede, cuando el Tribunal de Primera Instancia: (1) actúa con perjuicio o parcialidad; (2) en craso abuso de discreción; o (3) error manifiesto. *Citibank et al v. ACBI et al*, supra.

Ahora bien, no resulta fácil precisar cuándo un Tribunal abusa de su discreción. Como sabemos, existen ciertas guías para poder determinar cuándo un tribunal ha abusado de su discreción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009). Así pues, un tribunal incurrirá

en un abuso de discreción, cuando el juez no toma en cuenta e ignora en la decisión que emite un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante, considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *WMM, PFM et als. v. Colegio et als.*, supra.

-C-

La Regla 33 de Procedimiento Civil, 32 LPRA Ap. V, R. 33, gobierna el alcance del requerimiento de admisiones, la cual dispone:

**Regla 33. Requerimiento de Admisiones**

(a) *Requerimiento de admisión*. A los efectos de la acción pendiente únicamente, una parte podrá requerir por escrito a cualquier otra parte que admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1 contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la Ley a los hechos, incluyendo la autenticidad de cualquier documento descrito en el requerimiento. Se notificarán copias de los documentos conjuntamente con el requerimiento, a menos que hayan sido entregadas o suministradas para inspección y copia. El requerimiento podrá notificarse, sin el permiso del tribunal, a la parte demandante luego de comenzado el pleito y a cualquier otra parte luego de haber transcurrido el término de los treinta (30) días siguientes a la fecha de su emplazamiento. Si la parte demandada inicia cualquier tipo de descubrimiento dentro del referido plazo, dicha limitación no será de aplicación.

Cada materia sobre la cual se requiera una admisión deberá formularse por separado. Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante una moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que

requiere la admisión una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. A menos que el tribunal acorte el término, una parte demandada no estará obligada a notificar contestaciones u objeciones antes de transcurridos veinte (20) días a partir de haberle sido entregada copia de la demanda y el emplazamiento. En este caso se debe apercibir a la parte demandada en el requerimiento que de no contestarlo en el término dispuesto se entenderá admitido. Si se objeta el requerimiento de admisión, deberán hacerse constar las razones para ello. La contestación deberá negar específicamente la materia o exponer en detalle las razones por las cuales la parte a quien se le requiere la admisión no puede admitir o negar lo requerido. Toda negación deberá responder cabalmente a la sustancia de la admisión requerida, y cuando la buena fe exija que una parte cualifique su contestación o niegue solamente una parte de lo requerido, deberá especificarse lo que sea cierto y negarse solamente el resto. Una parte a quien se le requiere una admisión no podrá aducir como razón para así no hacerlo la falta de información o de conocimiento, a menos que demuestre que ha hecho las gestiones necesarias para obtener dicha información y que la información conocida u obtenida es insuficiente para admitir o negar. Una parte no podrá objetar el requerimiento basándose únicamente en que la materia requerida presenta una controversia justiciable; podrá, sujeto a lo dispuesto en la Regla 34.4, negar lo requerido o exponer las razones por las cuales no puede admitir o negar.

La parte que ha requerido las admisiones podrá, mediante una moción, cuestionar la suficiencia de las contestaciones u objeciones. A menos que el tribunal determine que una objeción está justificada, ordenará que se conteste lo requerido. Si el tribunal determina que una contestación no cumple con los requisitos de esta regla, podrá ordenar que se dé por admitido lo requerido o que se notifique una contestación enmendada. El tribunal podrá, en su lugar, determinar que se dispondrá finalmente del requerimiento en una conferencia con antelación al juicio o en una fecha señalada antes del juicio. Las disposiciones de la Regla 34.2(c) aplican a la imposición de gastos en que se incurra con relación a la moción.

(b) *Efecto de la admisión*. Cualquier admisión hecha en conformidad con esta regla se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita el retiro o enmienda de la admisión. Sujeto a lo dispuesto en la Regla 37, que regula las enmiendas de una orden dictada en conferencia con antelación al juicio, el tribunal podrá permitir el retiro o la enmienda de la

admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o la enmienda afectará adversamente su reclamación o defensa. Cualquier admisión de una parte bajo estas reglas sólo surtirá efecto a los fines del pleito pendiente y no constituirá una admisión de dicha parte para ningún otro fin ni podrá ser usada contra ella en ningún otro procedimiento.

Conforme se desprende de la precitada Regla 33 de Procedimiento Civil, *supra*, a través de un requerimiento de admisiones, una parte puede requerir a la otra que admita la veracidad de cualquier materia que esté dentro del alcance de la Regla 23.1 de Procedimiento Civil, respecto a cuestiones u opiniones de hechos o con la aplicación de la ley a los hechos, o que admita la autenticidad de cualquier documento que se acompañe con el requerimiento. La norma procesal persigue "aligerar los procedimientos para definir y limitar las controversias del caso y proporcionar así un cuadro más claro sobre éstas." *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 571 (1997). Si bien el requerimiento de admisiones no se considera un mecanismo del descubrimiento de prueba, cumple una función importante, pues sirve como un instrumento eficaz para delimitar las controversias del caso, lograr admisiones que acorten el pleito y evitar gastos innecesarios. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Publicaciones JTS, 2011, T. III, pág. 1001; *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171 (2007).

La regla permite que se curse al demandante un requerimiento de admisiones, sin permiso del tribunal, luego de iniciado el litigio. Regla 33 de Proc. Civil, *supra*; Cuevas Segarra, *op. cit.*, pág. 1003. La parte

interpelada tiene que admitir o negar lo requerido bajo juramento o presentar una objeción escrita sobre la materia en cuestión dentro del término de veinte (20) días. Regla 33 de Procedimiento Civil, *supra*; *Rivera Prudencio v. Mun. de San Juan,* supra, págs. 171-172. Las disposiciones de la norma procesal son mandatorias, no meramente directivas, "lo que requiere que haya un cumplimiento con las mismas." Cuevas Segarra*, op. cit.*, pág. 999. Transcurrido el término reglamentario no prorrogado, si la parte no cumple con el plazo, las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas, sin ulterior trámite. Es decir, no se requiere que el tribunal emita una orden. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, pág. 573; *Rivera Prudencio v. Mun. de San Juan*, supra, pág. 172; Cuevas Segarra, *op. cit.,* págs. 1000-1001. El efecto es que la admisión de un requerimiento se considerará definitiva, a menos que el tribunal, previa moción al efecto, permita su retiro o una enmienda a ésta. En el ejercicio de su discreción, el tribunal debe interpretar la regla de forma flexible para favorecer que el conflicto se dilucide en los méritos. Regla 33 de Procedimiento Civil, *supra*; *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, págs. 573-574.

## III.

En el caso de autos, el señor Alberio nos planteó tres (3) señalamientos de error, los cuales procedemos a discutir en conjunto por estar relacionados entre sí. En esencia, alega que incidió el foro primario al dar por admitido el requerimiento de admisiones, sin permitirle contestar la oposición de la recurrida, y así no tener que aplicar la medida más extrema.

Luego de evaluar la determinación recurrida, así como el expediente del caso y el derecho aplicable, concluimos que el señor Alberio no satisfizo los criterios reglamentarios de la Regla 52 de Procedimiento Civil, *supra*, ni de la Regla 40 de nuestro Reglamento, *supra*. A su vez, tampoco logró persuadir nuestra discreción para variar la decisión del foro primario. Finalmente, conforme establece nuestro ordenamiento jurídico, los tribunales apelativos no debemos modificar las decisiones relacionadas con el manejo del caso emitidas por el tribunal de instancia, a menos que medie prejuicio, pasión, parcialidad o error manifiesto. Dicha deferencia está cimentada en que el foro *a quo* está en mejor posición para tomar las medidas que permitan el adecuado curso hacia su disposición final, de la forma más justa, rápida y económica posible y en consecución a la búsqueda de la verdad.

Consecuentemente, procedemos a denegar el auto discrecional solicitado.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el recurso de *certiorari* solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones